UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **REESHA WILEY,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 09-223 (ESH) |
| **NEBF INVESTMENTS,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Reesha Wiley filed a *pro se* discrimination complaint against her former employer, National Electrical Benefit Fund Investments ("NEBF"). NEBF filed a Rule 12(b)(6) motion with supporting documentary evidence, contending that Wiley's claims must be dismissed because she failed to exhaust her administrative remedies. *See* Fed. R. Civ. P. 12(b)(6). Wiley filed an opposition, but does not dispute the facts material to NEBF's assertion of failure to exhaust. Accordingly, NEBF's motion will be granted.

### BACKGROUND

The following material facts are not in dispute. Wiley's last day of employment with NEBF was August 11, 2005. *See* Compl. at 1, 3; Def.'s Stmt. of P. & A. in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. at 1. Wiley filed a written charge of discrimination against NEBF with the District of Columbia Office of Human Rights, which was automatically dually filed with the Equal Employment Opportunity Commission. *See* Aff. of Counsel in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J.. ("Counsel Aff."), Ex. 2 at 2 (Wiley's Charge of Discrimination). The written charge asserts claims for sexual harassment, hostile work

environment, retaliation, and disability discrimination. *Id.* at 2, 4. The written charge is signed by Wiley and dated January 22, 2007. *Id.* at 5. It identifies August 12, 2005 as the date of the last discriminatory act by NEBF. *Id.* at 4. Wiley does not dispute that she first filed her administrative charge of discrimination on January 22, 2007. *See generally* Compl.; Pl.'s Opp'n.

## DISCUSSION

Before a plaintiff may file suit in district court on discrimination claims under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or the Americans with Disabilities Act, 42 § 12111 et seq., she must first exhaust her administrative remedies. *Marshall v. Fed. Exp. Corp.,* 130 F.3d 1095, 1098 (D.C. Cir. 1997). Exhaustion of administrative remedies requires, in addition to other things, that a plaintiff file a written charge of discrimination against the employer within a certain time period. A complainant who files the charge with a state or local agency must do so within 300 days from the date of the discriminatory injury alleged. *See* 42 U.S.C. § 2000e-5(e)(1) (governing Title VII claims); 42 U.S.C. § 12117(a) (governing ADA claims). Failure to file an administrative charge within the time limit allowed constitutes a failure to exhaust administrative remedies. Thus, a plaintiff who does not timely file an administrative charge of discrimination is generally barred from pursuing those claims in court.

NEBF has shown, and it is undisputed, that the latest discriminatory injury Wiley alleges is August 12, 2005, the date that Wiley ceased working for NEBF. Wiley had 300 days — until early August 2006 — to file her discrimination charges with the D.C. Office of Human Rights.

Wiley did not file her administrative EEOC charges until January 22, 2007.[1]  If Wiley's claims are to survive in the face of this evidence, she must present evidence to show either that she did timely initiate her administrative remedies or that the deadline should not be applied in her case. She has not done so.  *See generally* Compl.; Pl.'s Opp'n.  Thus, on this record, she is not entitled to maintain her discrimination and disability claims before this Court.

      A separate order accompanies this memorandum opinion.

                                                /s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date: January 12, 2010

---

[1] NEBF has supported its Rule 12(b)(6) motion with a copy of Wiley's administrative charge of discrimination appended as an exhibit to counsel's affidavit.  *See* Counsel Aff., Ex. 2. The Court considered this public document without converting NEBF's motion into one for summary judgment.  *See*, *e.g.*, *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993) (matters of public record can be examined on 12(b)(6) review); *Koutny v. Martin*, 530 F. Supp. 2d 84, 89 (D.D.C. 2007) (noting that court "may take judicial notice of matters of a general public nature" without converting motion to dismiss into motion for summary judgment); *see also Williams v. Chu*, 641 F. Supp. 2d 31, 35 (D.D.C. 2009) (relying on EEOC administrative documents in considering motion to dismiss).